IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NICOLE MALBROUGH,** *Plaintiff,* v. **JASON DEON HOLMES, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,** *Defendants.* | CIVIL ACTION NO. _____ **JURY TRIAL REQUESTED** |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff NICOLE MALBROUGH files this Original Complaint against Defendants JASON DEON HOLMES ("HOLMES"), TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ"), and UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON ("UTMB") and allege and state as follows:

## I.    PARTIES

1.    Plaintiff, NICOLE MALBROUGH, is an individual and resident of Harris County of Humble, Texas.

2. Defendant, JASON DEON HOLMES ("HOLMES"), was at all relevant time herein an individual and police officer with the Texas Department of Criminal Justice ("TDCJ"). He may be served at 706 Duroux, La Marque, TX 77568.

3. Defendant, TEXAS DEPARTMENT OF CRIMINAL JUSTICE ("TDCJ"), was at all relevant time herein a governmental entity and the acting employer of Defendant HOLMES. TDCJ may be served via its Executive Director, Mr. Bryan Collier, at TDCJ, 861 I-45 North, Huntsville, TX 77320.

4. Defendant UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON ("UTMB") is a business entity within the State of Texas and may be served with process by serving this Complaint and Summons on its President, Dr. David Callender, at President's Office, 301 University Blvd., Route 0129, Galveston, TX 77550.

## II.    JURISDICTION & VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. §1331 because this action arises under 42 U.S.C. §§ 1981, 1983, and 1988, as well as under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and the federal laws.

6. This case involves the deprivation of Plaintiff's constitutional rights by Defendants as state actors and/or under color of state law which included, but is not limited to, deprivation of MALBROUGH'S liberty and freedom interest from excessive and unreasonable force and from sexual contact/intercourse upon a person in custody, and finally—failure to intervene, train, discipline, and supervise the TDCJ officer/guard at the site of the occurrence.

7. Venue is proper in the Southern District of Texas because the events giving rise to the claims asserted herein occurred within this District.

8. All conditions precedent to bring this action have occurred and/or have been performed.

9. All Defendants obtained actual knowledge of the events that occurred when MALBROUGH reported the incident the following morning on September 20, 2017 and complied with the internal investigation by Defendants herein.

10. Defendant HOLMES was arrested for his conduct on October 07, 2015. The Grand Jury reached a true bill / indictment against Defendant HOLMES for Civil Rights Violation (Sexual) for a Person In-Custody / Improper Sexual Activity with Person in Custody on November 10, 2015 (Cause # 15 CR 2908). HOLMES pleaded guilty on May 25, 2017 and received a felony conviction for the offenses claimed herein upon Plaintiff.

11. On December 11, 2015, MALBROUGH gave proper and timely notice to Defendants in compliance with the requirements of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE §101.101(a) and (b), by providing written notice to the Defendants herein of the incident, the time and place of the incident, and the damage or injury claimed, within ninety (90) days of the incident occurring.

### III.   STATEMENT OF FACTS

12. On the evening of September 19, 2015, MALBROUGH was recovering from cataract surgery in a holding cell at UTMB. At about 10:20pm, Officer HOLMES entered her cell and committed a sexual assault upon her penetrating her vaginally and attempting to penetrate her anally while she is trying to fight him off. In a frenzy, he ran out of the cell after about 5 minutes fearful

of getting caught. About 45 minutes later, however, HOLMES entered her cell again, attempted (unsuccessfully) to penetrate her anally, and did, in fact, penetrate her vaginally for several minutes until he ejaculated in her and down her left leg. MALBROUGH attempted in vain to fight him off, kicking and screaming, but was unsuccessful due to his enormous strength.

## IV.   CAUSES OF ACTION

**COUNT 1:   CLAIM UNDER 42 U.S.C. § 1983 AS TO DEFENDANT HOLMES— UNREASONABLE SEIZURE.**

13.   The factual allegations contained in the paragraphs of this Original Complaint are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect if set forth verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

14.   Defendant HOLMES violated MALBROUGH's clearly established rights under the Fourth Amendment of the United States Constitution when he violated her right to be kept free from "unreasonable seizure."

15.   Title 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

16.   There is no defense for a correctional officer seizing a person in custody and sexually assaulting them.

**COUNT 2:    CLAIM UNDER 42 U.S.C. § 1983 AS TO DEFENDANT HOLMES—UNREASONABLE, UNNECESSARY, AND EXCESSIVE FORCE.**

17.     The factual allegations contained in the paragraphs of this Original Complaint are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect if set forth verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

18.     Defendant HOLMES deprived MALBROUGH's clearly established rights under the Fourth Amendment of the United States Constitution when he violated her right from the use of "unreasonable, unnecessary, and excessive force."

19.     To prevail in a claim for "excessive force" under the Fourth Amendment, "plaintiffs must demonstrate: (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[1] Even though the Plaintiff was in custody, she suffered potentially life-threatening physical and mental injuries.

20.     In evaluating whether the officer acted reasonably in the use of force during the sexual assault, one must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[2]

---

[1] *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (Stating "whether the force used is excessive or unreasonable depends on the 'facts and circumstances of each particular case.'")
[2] *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (stating the Graham factors which examined the "calculus of reasonableness" and allowed "for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.")

21. Specifically, HOLMES deprived MALBROUGH's right from "unreasonable, unnecessary, and excessive force" when he sexually assaulted her on two separate occasions on September 19, 2015.

**COUNT 3:    CLAIM UNDER 42 U.S.C. § 1983 AS TO DEFENDANTS TDCJ & UTMB—FAILURE TO INTERVENE & FAILURE TO SUPERVISE ITS CORRECTIONAL OFFICER.**

22. The factual allegations contained in the paragraphs of this Original Complaint are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect if set forth verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

23. Defendant HOLMES' sexual assault and battery constitutes an impermissible constitutional violation of excessive force and sexual contact upon a person in custody.

24. Defendants TDCJ and UTMB failed to properly supervise HOLMES to prevent these sexual attacks. Defendants failure to supervise is a developed and maintained custom, policy, and practice exhibiting deliberate indifference to MALBROUGH's Fourth, Eighth, and Fourteenth Amendment rights.

25. To state a claim against Defendants, Plaintiff must identify an official policy or custom of the government's policymaker that caused the Plaintiff to be subjected to a deprivation of a constitutional right.[3]

26. Plaintiff asserts Defendants TDCJ and UTMB have maintained a persistent and widespread custom, policy and practice of failing to supervise correctional officers who (i) use exces-

---

[3] *See Palmer v. City of San Antonio*, 810 F.2d 514, 516 (5th Cir. 1987) (*quoting Grandstaff v. City of Borger, Texas*, 767 F.2d 161, 169 (5th Cir. 1985)).

sive force, (ii) commit unreasonable seizures, (iii) engage in sexual contact with persons in custody, and/or (iv) fail to intervene when other officers use excessive force.

**COUNT 4:  CLAIM OF ASSAULT & BATTERY UNDER TEXAS COMMON LAW AS TO DEFENDANT HOLMES.**

27. The factual allegations contained in the paragraphs of this Original Complaint are hereby incorporated and re-alleged for all purposes and incorporated herein with the same force and effect if set forth verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

28. Texas Common Law defines an assault as (1) an apprehension of (2) an immediate battery; similarly, the elements for battery are (1) a harmful or offensive contact (2) with a plaintiff's person.[4]

29. Police officers are immune from liability due to their privileged status as law enforcement as long as they use "reasonable force" in making an arrest or in coming into physical contact with an inmate.[5]

30. HOLMES, in his capacity as a TDCJ officer, cannot claim he is immune from liability, because any force used in the sexual contact of an inmate is impermissible and categorically "not reasonable."[6]

---

[4] *Jackson v. Texas Southern Univ.*, 997 F.Supp.2d 613, 632 (S.D.Tex.2014), *citing Doe v. Beaumont I.S.D.*, 8 F.Supp.2d 596, 616 (E.D.Tex.1998).
[5] *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).
[6] *Spencer v. Rau*, 542 F.Supp.2d 583, 593 (W.D.Tex. 2007), *citing Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002) ("To establish good faith, Officer Telthorster must show that a reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred.").

31. HOLMES used unreasonable force and thereby committed an assault and battery on FIELDS when he sexually assaulted (twice) a person in custody (namely the Plaintiff herein) on September 19, 2017.

32. Moreover, HOLMES violated the civil rights of a person in custody by committing two separate sexual assaults upon Plaintiff in violation of Texas Penal Code—Section 39.04(a)…for which he plead guilty in open court.

## V.  DAMAGES

33. Plaintiff sustained both physical and mental injuries as a direct result of the actions and/or omissions of the Defendants described hereinabove.

34. Plaintiff requests the following relief:

   i. Mental anguish, impairment, and suffering in the past and future;

   ii. Physical pain, impairment, and suffering in the past and future;

   iii. Disfigurement in the past and future;

   iv. Reasonable medical care and expenses in the past and future. These expenses were incurred by Plaintiff and such charges were reasonable, usual, and customary for such services in Galveston or Harris County, TX;

   v. Loss of earnings in the past and future;

   vi. All reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiff;

   vii. All reasonable and necessary costs incurred in pursuit of this suit;

## VI.  EXEMPLARY DAMAGES

35. Plaintiff re-alleges and incorporates the previous paragraphs herein by reference as if stated verbatim pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

36. Plaintiff would further show that the following acts and omissions were committed with malice and reckless indifference to the protected rights of the Plaintiff: Officer HOLMES physically and sexually assaulted Plaintiff on two separate occasions while she was an inmate (person in custody) and basically defenseless while recovering from cataract surgery.

37. In order to punish the Defendants for engaging in unlawful vicious attacks, and to deter such actions and/or omissions in the future, Plaintiff seeks recovery of exemplary damages from Defendants.

## VII.   ATTORNEYS' FEES

38. Plaintiff is further entitled to receive his reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

## VIII.   JURY DEMAND

39. Plaintiff respectfully demands that this action be tried before a jury.

## IX.   CONCLUSION

40. In conclusion, Plaintiff, NICOLE MALBROUGH, respectfully urges the Defendants to be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against the Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, attorneys' fees, together with pre- and post-judgment interest as allowed by law, costs of court, and other such further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,


By: */s/ Edward C. Tredennick*
Edward C. Tredennick
State Bar No. 24070760
Federal I.D. No. 1312377
DANIELS & TREDENNICK LLP
6363 Woodway, Suite 965
Houston, Texas 77057
713 917 0024
713 917 0026 fax
Ted@DTLawyers.com
ATTORNEY-IN-CHARGE FOR PLAINTIFF

and

By: */s/ Stace Williams*
Stace Williams
State Bar No. 00785259
THE STACE WILLIAMS LAW FIRM
26703 I-45 North
The Woodlands, TX  77380
281 465 4600
281 292 4422 fax
Stace.Williams.LawFirm@gmail.com