United States District Court
Southern District of Texas
**ENTERED**
March 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NICOLE MALBROUGH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17-cv-00283 |
| | § | |
| JASON DEON HOLMES, ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

I must admit that the recent events in this case have left me speechless. And I am not often one to be at a loss for words. To make sure we are all on the same page, let me recount the key facts.

Defendant filed a motion for summary judgment on January 8, 2021. *See* Dkt. 58. Plaintiff's response was due on or before January 29, 2021. On February 23, 2021, this case was referred to me to handle all pre-trial matters. After reviewing the docket sheet, I quickly noted that a motion for summary judgment had been filed. I then looked to find the response to that motion, but did not see one. I clearly must have missed it. The response was due on January 29, 2021 and here I was at the end of February 2021.  A response had to be here somewhere. Alas, my search came up empty.  The reason: no response had been filed.

For most of my colleagues on the bench, the next step would have been easy: rule on the merits of the motion for summary judgment right there and then.  Given that Plaintiff was now more than a month delinquent in filing a

response to the motion for summary judgment, that approach would have been reasonable and understandable.

But I am a nice guy.  Maybe too nice.  I went ahead and issued an order on Monday, March 1, 2021, noting that Plaintiff was more than a month overdue in filing a response to the motion for summary judgment. *See* Dkt. 79. I don't know why Plaintiff did not timely file a response to the dispositive motion, but I am always willing to give someone a second chance. Things happen. Life happens. Out of the pure goodness of my heart, I informed Plaintiff that I would give her until Friday, March 5 to file a response to the motion for summary judgment. And then I went back to work, fully expecting that Plaintiff would submit a summary judgment response on March 5, 2021.

Boy, was I surprised when Plaintiff requested additional time to respond at 2 p.m. sharp the day before her March 5, 2021 deadline. *See* Dkt. 80 ("Motion for Extension of Time"). In that motion, Plaintiff asks me to extend her response date to April 19, 2021. That's right—six weeks from today, 102 days from the date the motion was filed, 81 days from Plaintiff's original deadline, and 46 days after the generous deadline I had imposed *sua sponte*.

As all lawyers should know, you have to give a judge a reason to move a deadline. And you need a really, really good reason to move a "second" deadline. So, what's Plaintiff's compelling reason? Well, according to Plaintiff's Motion for Extension of Time, "Plaintiff's deposition was taken on Saturday, January 30th, 2021 at 10:00 a.m." and she "has not yet received a transcript of her deposition

for purposes of review." Dkt. 80 at 2. Huh? Plaintiff needs six weeks from today to review her own deposition transcript to respond to the pending motion for summary judgment? Something doesn't smell right. To state the obvious, Plaintiff does not need to review her own deposition transcript to respond to a motion for summary judgment. I hate to give away state secrets, but she can actually submit a declaration (or affidavit) providing her own sworn testimony without attaching the deposition transcript.  What a novel concept!  But wait, there's more. Defendant's opposition to the Motion for Extension of Time points out that Plaintiff did not even order a copy of the deposition transcript until Monday, March 1, 2021—more than a month after the January 30, 2021 deposition concluded and, conveniently, just a few hours after my March 1, 2021 order. To put it mildly, Plaintiff is not making a persuasive showing for a need to extend the response date further.

Let me make a brief comment about the law. In asking me to extend the March 5, 2021 summary judgment deadline, Plaintiff does not mention a legal standard that should govern my discretionary authority. Based on my legal acumen, there are several possibilities, but none offer Plaintiff any relief. First, Rule 56(d) allows a district court to deny or continue a summary judgment motion so that a party might have additional time to gather evidence to oppose the motion. *See* FED. R. CIV. P. 56(d). To seek relief under Rule 56(d), the party must submit an affidavit or declaration explaining why the party cannot present facts essential to justify its opposition. *See id.* Put aside the fact that Plaintiff's

Motion for Extension of Time was not verified. Put aside the fact that it was not filed before the January 29, 2021 deadline passed. Put aside, too, the fact that the Plaintiff's Motion does not even reference Rule 56(d). Plaintiff cannot possibly claim she needs more time to gather evidence to oppose the motion because the discovery period is over, and it has been for a long time. *See* Dkt. 54 (ordering completion of discovery by December 17, 2020).

Rule 6(b) is another possibility. Rule 6(b) provides that a court may "for good cause" extend a deadline "before the original time or its extension expires." FED. R. CIV. P. 6(b)(1)(A). To establish "good cause," Malbrough must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation omitted). As already explained, Plaintiff's sole proffered reason for needing another six-week extension to respond to the summary judgment motion is so that counsel can review Plaintiff's deposition transcript. That reasoning does not pass go. It certainly does not come close to satisfying the good cause standard. Because Plaintiff has failed to establish good cause for moving the March 5, 2021 summary judgment response deadline, Plaintiff's Motion for Extension of Time (Dkt. 80) is **DENIED**. If Plaintiff wants to file a response to the pending motion for summary judgment, it must be filed today. Any late response will be struck.

4

SIGNED on this 5th day of March 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE