United States District Court
Southern District of Texas
**ENTERED**
April 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NICOLE MALBROUGH, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:17-cv-00283 |
| | § | |
| JASON DEON HOLMES, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Nicole Malbrough ("Malbrough") alleges that on the evening of September 19, 2015, while she was recovering from surgery in a holding cell at the University of Texas Medical Branch at Galveston, correctional officer Jason Deon Holmes ("Holmes") sexually assaulted and raped her. In her First Amended Complaint, Malbrough brings several causes of action against Holmes: (1) a § 1983 claim for unreasonable seizure under the Fourth Amendment; (2) a § 1983 claim for unreasonable, unnecessary, and excessive force under the Fourth Amendment; and (3) a civil assault claim under Texas common law. Holmes has filed a Motion for Summary Judgment, asking me to dismiss this lawsuit in its entirety. *See* Dkt. 58.

Malbrough originally filed this lawsuit against Holmes and several other defendants in September 2017. Soon after the case commenced, the parties actively engaged in motion practice aimed at determining whether a number of

other individuals and governmental entities were proper defendants. The Court ultimately dismissed all defendants except Holmes.

In January 2019, Holmes filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. Because of the bankruptcy filing, this case was stayed. Long story short, Malbrough filed an adversary proceeding in the bankruptcy case against Holmes. Noting that the evidence presented in the adversary proceeding would be "substantially the same" as the evidence in this case, United States Bankruptcy Judge Jeffrey P. Norman recommended that "the most efficient way to proceed would be for the District Court to withdraw the reference and consolidate" the adversary case and this case for future proceedings. Dkt. 83 at 57–58. In the fall of 2019, District Court Judge Jeffrey V. Brown lifted the bankruptcy stay, set a docket control order governing the case, and allowed the parties to pursue discovery in advance of trial.

In his Motion for Summary Judgment, Holmes avers that there is no evidence to support a claim against him. Curiously, Holmes fails to address the three causes of action brought against him in the First Amended Complaint, the live pleading in this case. Instead, Holmes spends much of his briefing addressing § 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) excepts from discharge debts incurred due to "willful and malicious injury" inflicted by the debtor. 11 U.S.C. § 523(a)(6).

Holmes is trying to put the proverbial cart before the horse. At this juncture, my job is simply to decide whether there is a "genuine dispute as to any material fact" concerning the causes of action set forth in the First Amended Complaint. FED. R. CIV. P. 56(a). In making this determination, I must view all facts in favor of the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *See Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020). If there is no genuine issue of material fact, summary judgment is proper and this case must be dismissed. If there is a genuine issue of material fact, the case proceeds to a jury trial. Only if the jury renders a verdict in favor of Malbrough must the district court then address whether the claim is non-dischargeable under § 523(a)(6).[1]

Turning to the causes of action at issue in this case, let me begin with civil assault. To prevail on her civil assault claim, Malbrough must show: (1) that Holmes intentionally or knowingly caused physical contact with her, and (2) that Holmes knew or reasonably should have known that the plaintiff would regard that contact as offensive or provocative. *See Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012). In responding to the motion for summary judgment, Malbrough submitted a sworn affidavit, which states in relevant part:

---

[1] As an aside, if the jury finds that Holmes sexually assaulted Malbrough, any damages awarded in the case would certainly be deemed non-dischargeable under § 523(a)(6). *See In re Holt*, 310 B.R. 675, 685 (Bankr. N.D. Tex. 2004) (engaging in sexual intercourse by forcible compulsion inflicts a willful and malicious injury upon the victim); *In re Walters*, No. 08-10844, 2010 WL 1531084, at *7 (Bankr. E.D. La. Apr. 14, 2010) ("Claims that are typically excepted from discharge under § 523(a)(6) include claims for injuries stemming from assault.").

3

> On the evening of September 19, 2015, when I was recovering from cataract surgery in a holding cell at the University of Texas Medical Branch at Galveston, Correctional Officer Jason Deon Holmes sexually assaulted and raped me.
>
> \* \* \*
>
> Without my consent or approval, and during a time that I was recover[ing] from my recent surgery, Correctional Officer Holmes unlocked the door to my room and entered my room. Correctional Officer Holmes then sexually assaulted and raped me by pulling his penis out, forcibly grabbing my legs, placing them over his shoulders, while attempting to anally rape me. These forcible acts caused me physical pain.

Dkt. 83 at 95. This testimony, if believed, establishes the necessary elements of a civil assault claim. At a bare minimum, Malbrough's affidavit creates an issue of material fact as to whether an assault occurred, and allows Malbrough to avoid summary judgment. No question.

Malbrough's affidavit also raises a fact issue on her Fourth Amendment unreasonable search and excessive force claims. *See Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018) (An inmate has "a constitutional right not to be raped by a detention officer in the facility where she was being detained."); *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) ("[A]n inmate has a constitutional right to be secure in her bodily integrity and free from attack by prison guards."); *Cerda v. Billingsley*, No. SA-09-CA-816-FB, 2011 WL 13238418, at \*5 (W.D. Tex. Mar. 9, 2011) ("[A]n allegation of sexual assault by a law enforcement officer can constitute an unreasonable seizure.").

Before concluding, I do want to briefly address a couple of the arguments raised by Holmes in support of his request for summary judgment. First, Holmes

4

claims that Malbrough's affidavit should be disregarded because it is conclusory. This argument is spurious. In truth, Malbrough's affidavit is quite detailed, describing an alarming portrait of an alleged sexual assault.

Second, Holmes complains that Malbrough improperly submitted a sworn affidavit when she should have filed an unsworn declaration. Holmes is simply wrong. Federal Rule of Civil Procedure 56(c) provides that a district court ruling on summary judgment may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits or declarations submitted by the parties. *See* FED. R. CIV. P. 56(c). An "affidavit" is "[a] voluntary declaration of facts written down and sworn to by a declarant [usually] before an officer authorized to administer oaths." *Affidavit*, BLACK'S LAW DICTIONARY (11th ed. 2019). That is exactly what Malbrough submitted in opposition to the motion for summary judgment. For purposes of summary judgment, an unsworn declaration executed within the United States *may* be given the same force and effect as a sworn affidavit if it is signed and dated and includes language in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(2). Importantly, there is *no requirement* that a party opposing a summary judgment must file an unsworn declaration that complies with § 1746 instead of submitting a sworn affidavit.

Finally, Holmes insists that I should ignore Malbrough's affidavit because she is a convicted felon who cannot be trusted to tell the truth.[2] This, as every first-year law student learns in civil procedure class, is not a compelling argument. At the summary judgment stage, I am bound by law to bend over backwards for the nonmovant, "view[ing] all facts and inferences in the light most favorable to [Malbrough,] and resolv[ing] all factual disputes in [her] favor." *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021). Doing so here, there is undeniably a fact issue that must be decided at trial. It is ultimately up to the members of the jury, not I, to weigh the evidence and determine if, in fact, Holmes assaulted Malbrough.

## CONCLUSION

For the reasons provided above, Holmes's Motion for Summary Judgment (Dkt. 58) should be **DENIED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

[2] Holmes is also a convicted felon.

Signed on this 5th day of April 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE